FILED
2010 Apr-26  PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



RANDOLPH MOORE and
NINA MOORE,

    Plaintiffs,

v.          Case No.

                                CV-10-P-1064-S

TOTAL BODY ESSENTIAL
NUTRITION, INC.; WRIGHT
ENRICHMENT, INC.; TEXAMERICAN
FOOD BLENDING, INC.,

    Defendants.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, through undersigned counsel, file this Complaint against the Defendants, Total Body Essential Nutrition, Inc., Wright Enrichment, Inc., TexAmerican Food Blending, Inc. as follows:

### PARTIES

1.    Plaintiffs Randolph Moore and Nina Moore, ("Randolph Moore" or "Plaintiff"), is over the age of eighteen years and is a resident of Wilson County in the State of Tennessee. Plaintiff purchased and consumed the dietary supplement "Total Body Formula"® and/or "Total Body Mega Formula"®, which was manufactured/or and distributed by Defendants.

2.    Plaintiffs Nina Moore, ("Nina Moore" or "Plaintiff"), is over the age of eighteen years and is a resident Wilson County in the State of Tennessee. Plaintiff purchased and consumed the dietary supplement "Total Body Formula"® and/or "Total Body Mega Formula"®, which was manufactured/or and distributed by Defendants.

3.     Defendant, TOTAL BODY ESSENTIAL NUTRITION, INC. (hereinafter "Total Body"), is a Georgia corporation, with its registered agent Bruce Hagen located at 119 North McDonough Street, Decatur GA 30030. At all times relevant hereto, Total Body manufactured, designed, labeled, advertised, promoted, sold and/or distributed the dietary supplement Total

4.     Body Formula® and Total Body Mega Formula® and other dietary supplements containing excessive or unsafe amounts of selenium and/or chromium. This Defendant manufactured, designed, labeled, advertised, promoted, sold and/or distributed Total Body Formula® and Total Body Mega Formula® and other dietary supplements throughout the United States including the State of Georgia. Defendant Total Body Essential Nutrition, Inc., is subject to the jurisdiction and venue of this Court.

5.     Defendant, WRIGHT ENRICHMENT, INC. (hereinafter "Wright") is a Louisiana corporation, with its principal place of business located at 6428 Airport Road, Crowley, Louisiana 70526. At all times relevant hereto, Wright manufactured, mixed, designed, labeled, advertised, promoted, sold and/or distributed the dietary supplement Total Body Formula® and Total Body Mega Formula® and other dietary supplements containing excessive amounts of selenium and/or chromium. The Defendant manufactured, designed, labeled, advertised, promoted, sold and/or distributed Total Body Formula® and Total Body Mega Formula® and other dietary supplements throughout the United States, including the State of Georgia. Defendant is subject to the jurisdiction and venue of this Court.

6.     Defendant, TEXAMERICAN FOOD BLENDING, INC. (hereinafter "TexAmerican"), is an Arkansas corporation, with its principal place of business located at 209 Hobson Avenue, Hot Springs, Arkansas 71913. At all times relevant hereto, TexAmerican manufactured, mixed, designed, packaged, labeled, advertised, promoted, sold and/or distributed

the dietary supplement Total Body Formula® and Total Body Mega Formula® and other dietary supplements containing excessive and/or unsafe amounts of selenium and/or chromium. The Defendant manufactured, designed, labeled, advertised, promoted, sold and/or distributed Total Body Formula® and Total Body Mega Formula® and other dietary supplements throughout the United States, including the State of Georgia. Defendant is subject to the jurisdiction and venue of this Court.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue lies in this Court in accordance with the Direct Filing Order issued by this Court in MDL No. 1985 as assigned to this judicial district by the Judicial Panel on Multidistrict Litigation.

## FACTUAL ALLEGATIONS

9. Plaintiffs purchased and used Total Body Formula® and/or Total Body Mega Formula® products marketed, promoted, manufactured and/or sold by Defendants in 2008. Plaintiffs took Total Body Formula® and/or Total Body Mega Formula® as recommended on the product label. In 2008, due to ingestion of Total Body Formula® and/or Total Body Mega Formula®, Plaintiffs suffered substantial hair loss and other injuries.

10. Total Body Formula® and/or Total Body Mega Formula® were dietary supplements manufactured, designed, labeled, advertised, promoted, sold and/or distributed by one of more of the named Defendants as dietary supplements for individuals desiring to, among other things, maintain energy and sustain health. Selenium, a trace mineral, is needed in only

small amounts for good health. At all times Plaintiffs ingested the total Body Formulae which are the subject of this litigation, it contained excessive selenium.

11.   Defendants, at all material times, marketed, promoted, sold, manufactured, distributed, created, designed, labeled, packaged, advertised, and/or otherwise handled in interstate commerce the products Total Body Formula® and Total Body Mega Formula®. The Defendants did business in Georgia and, at all times relevant hereto, sold, marketed, produced, distributed or otherwise brought to Georgia the dietary supplements described above. After reports of adverse events and complaints, each of the stated supplements was recalled in certain lots. On April 9, 2008, the FDA reported the dietary supplement products contained hazardous amounts of selenium in samples of "Total Body Formula" in Tropical Orange and Peach Nectar flavors and "Total Body Mega Formula" in the Orange/Tangerine flavor. Further FDA analysis of the products found high levels of chromium as well.

## COUNT I: NEGLIGENCE AS TO ALL DEFENDANTS

12.   Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs 1-11 as if the same were set forth herein.

13.   Defendants negligently made, created, manufactured, assembled, designed, tested, labeled, supplied, packaged, distributed, and/or sold in the State of Tennessee Total Body Formula® and Total Body Mega Formula®.

14.   At all times material hereto, this Defendants had a duty to Plaintiffs to exercise reasonable care in the making, creation, manufacture, assembly, design, testing, labeling, supplying, packaging, distributing, and/or overseeing the sale of the dietary supplements listed herein.

15.   As a direct and proximate result of this Defendants' negligence, Plaintiffs have

been

damaged and has suffered substantial hair loss, gastrointestinal ailments, joint and muscle cramping and pain, nail abnormalities, fatigue, cognitive impairment, and memory loss among other things. One or more of the alleged acts of negligence of the Defendants constitute the proximate and direct cause of the injuries to Plaintiffs, Plaintiffs have suffered with severe, temporary, and/or permanent injuries, and such negligence temporarily and/or permanently impaired Plaintiffs' strength, endurance and agility.

## COUNT II: FAILURE TO WARN AS TO ALL DEFENDANTS

16. Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs 1-11 as if the same were set forth herein.

17. The Defendants, each and/or individually jointly marketed the dietary supplements Total Body Formula® and Total Body Mega Formula® and other dietary supplement products

18. containing excessive and/or unsafe amounts of selenium and chromium as the essential balance of nutrients required to, among other things, maintain energy and sustain health.

19. The Defendants, with the supplement listed herein in their possession, failed to adequately test the dietary supplements Total Body Formula® and Total Body Mega Formula®, and their ingredients, including selenium and chromium, for safety. Moreover, the Defendants failed to warn users of selenium's and/or chromium's adverse reactions in an adequate way. Accordingly, taking the Defendants' dietary supplements produced adverse effects that include: substantial hair loss, gastrointestinal ailments, joint and muscle cramping and pain, nail abnormalities, fatigue, cognitive impairment, and memory loss among other things that are now

coming to light. Had Plaintiffs been adequately warned that Total Body Formula® and/or Total Body Mega Formula® could lead to such side effects, Plaintiffs would have chosen not to purchase said dietary supplements; therefore, exposure to the dangerous substance, as well as other damages referred to herein, would have been avoided. In order to have the requisite information to make an informed decision whether to take this supplement for energy enhancement or health sustenance, Plaintiffs should have been informed by the Defendants of the dangerous effects of excessive selenium and/or chromium containing dietary supplement products.

20.   Defendants negligently, recklessly and/or wantonly failed to warn prospective users of the dangers inherent in the use of their dietary supplements and negligently, recklessly and/or wantonly failed to test said product for such dangers.

21.   As a direct and proximate result of Defendants' negligence, recklessness and/or wanton misconduct, Plaintiffs suffered substantial hair loss, gastrointestinal ailments, joint and muscle cramping and pain, nail abnormalities, fatigue, cognitive impairment, and memory loss among other things. One or more of the alleged acts of negligence of the Defendants constitute the proximate and direct cause of the injuries to Plaintiffs, said Plaintiffs have suffered with severe, temporary, and/or permanent injuries, and such negligence temporarily and/or permanently impaired his strength, endurance and agility of Plaintiffs.

## COUNT III: NEGLIGENT MARKETING AS TO ALL DEFENDANTS

22.   Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs 1-11 as if the same were set forth herein.

23.   Defendants negligently, recklessly, and/or wantonly marketed the dietary supplements Total Body Formula® and Total Body Mega Formula®.

24. As a direct and proximate result of Defendants' negligent, reckless and/or wanton misconduct in marketing the product, Plaintiffs suffered substantial hair loss, gastrointestinal ailments, joint and muscle cramping and pain, nail abnormalities, fatigue, cognitive impairment, and memory loss among other things. One or more of the alleged acts of negligence of this Defendant was the proximate and direct cause of the injuries to Plaintiffs, Plaintiffs have suffered with severe, temporary, and/or permanent injuries, and such negligence temporarily /and or permanently impaired his strength, endurance and agility of Plaintiffs.

## COUNT IV: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY AS TO ALL DEFENDANTS

25. Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs 1-11 as if the same were set forth herein.

26. Defendants breached the implied warranty of merchantability. Defendants were merchants or sellers of the dietary supplements Total Body Formula® and Total Body Mega Formula®. Defendants sold the dietary supplements. Defendants' dietary supplements were used by Plaintiff for the ordinary purposes for which such products are used. The Defendants' dietary supplement was defective, or unmerchantable, that is, not fit for the ordinary purposes for which such products are used. A defect or defects in the products caused injury to Plaintiffs.

27. As a direct and proximate result of Defendants' breach of their implied warranty of merchantability, Plaintiffs suffered substantial hair loss, gastrointestinal ailments, joint and muscle cramping and pain, nail abnormalities, fatigue, cognitive impairment, and memory loss among other things. One or more of the alleged acts of negligence of these Defendants was the proximate and direct cause of the injuries to Plaintiffs, Plaintiffs have suffered with severe, temporary, and/or permanent injuries, and such negligence temporarily and/or permanently impaired his strength, endurance and agility of Plaintiffs.

## COUNT V: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AS TO ALL DEFENDANTS

28.     Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs 1-11 as if set forth fully herein.

29.     Defendants breached the implied warranty of fitness for a particular purpose. Defendants sold, manufacture, marketed and/or distributed the dietary supplements Total Body Formula® and Total Body Mega Formula®. At the time of sale of the dietary supplements, Defendants knew, or had reason to know, of a particular purpose for which the products were to be used. At the time of sale of the dietary supplement to Plaintiffs, Defendants knew, or had reason to know, that Plaintiffs were relying on the skill and judgment of Defendants to select or furnish a suitable product for the intended purpose. At the time of sale of Defendants' dietary supplement to Plaintiffs, Defendants exercised skill and judgment in the selection of the products and ingredients, and Plaintiffs relied thereon. Defendants' dietary supplements were used by Plaintiffs for the particular purpose for which selection had been made by Defendants. Defendants' dietary supplements were not reasonably fit and suitable for the use for which they were selected. Failure of Defendants to select products which were reasonably safe for their intended use proximately caused injury to Plaintiffs.

30.     As a direct and proximate result of Defendants' breach of implied warranty of fitness for a particular purpose, Plaintiffs suffered substantial hair loss, gastrointestinal ailments, joint and muscle cramping and pain, nail abnormalities, fatigue, cognitive impairment, and memory loss among other things.

31.     As a direct and proximate result of Defendants' breach of their implied warranty of merchantability, Plaintiffs suffered substantial hair loss and other injuries. One or more of the alleged acts of negligence of these Defendants constituted the proximate and direct cause of the

injuries to Plaintiffs, who have suffered with severe, temporary, and/or permanent injuries, and such negligence temporarily /and or permanently impaired his strength, endurance and agility.

## JURY DEMAND

32.   Plaintiffs demand a jury trial of all issues so triable.

WHEREFORE, Plaintiffs prays that the Court enter judgment against all Defendants:

(a)   for all special, general and compensatory damages;

(b)   for punitive and/or exemplary damages in an amount to be determined at trial;

(c)   for disgorgement by Defendants' profits from the sale of Total Body Formula;

(d)   for all statutory damages allowable by law;

(d)   for prejudgment and post-judgment interest as allowable by law;

(e)   for all costs, expenses and attorney's fees allowable by law; and

(f)   for such further relief which the Court deems just and appropriate.

Dated this 22nd day of April, 2010.

Respectfully submitted,

JOHN C. DAVIS, ESQ.
Law Office of John C. Davis
Florida Bar No. 827770
623 Beard Street
Tallahassee, FL 32303
Telephone: (850) 222-4770
Telecopier: (850) 222-3119

C. WES PITTMAN, ESQ.
Florida Bar No. 220507
The Pittman Firm, P.A.
P.O. Box 710
Panama City, Florida 32402
Telephone: (850) 784-9000

Telecopier (850) 763-6787
E-mail: wespittman@pittmanfirm.com
Attorneys for Plaintiffs